Gary L. HIGGINSON and Marcia
K. Higginson, Plaintiffs,

v.

Richard WOOD, et al., Defendants.

No. Civ.A.98–2162–EEO.

United States District Court,
D. Kansas.

Oct. 28, 1998.

Marcy B. Uphoff, Berman, DeLeve, Kuchan & Chapman, Kansas City, MO, Mark D. Murphy, R. Mark Nasteff, Jackson & Murphy, L.L.C., Overland Park, KS, for Gary L. Higginson, Marcia K. Higginson.

Kurt S. Brack, Holbrook, Heaven & Osborn, P.A., Merriam, KS, for Richard Wood, Aero Financial Inc.

Allison L. Bergman, Morrison & Hecker L.L.P., Kansas City, MO, Kent Sullivan, Morrison & Hecker L.L.P., Overland Park, KS, for Aero–USA Capital Group, Inc., American Executive Capital Group, Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion to dismiss of defendants American Executive Capital Group, Inc. ("American Executive"), Aero–USA Capital Group, Inc. ("Aero–USA"), and S.D. Meo (Doc. # 17). After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, defendants' motion will be granted.

### Factual Background

Plaintiffs Gary and Marcia Higginson have brought this action to recover money they lost in two investments they made which were solicited by some of the defendants. The following is a brief summary of plaintiffs' factual allegations in their complaint.

On January 14, 1997, plaintiffs agreed to loan $100,000 to Aero Financial, Inc. ("Aero Financial"), based on representations made by defendant Wood. Aero Financial, in turn, issued a note which obligated it to repay plaintiffs the $100,000 with interest and other sums.

At about the same time, plaintiffs allege that defendant Woods represented to plaintiffs that Aero Financial and American Executive were 30 days away from a private offering. On or about January 15, 1997, defendant Meo sent a letter to plaintiffs on the virtues of the private offering. Mr. Meo signed the letter as Chairman, Emeritus of defendant American Executive. Despite some further representations by Wood, the private offering never took place.

On September 9, 1997, again based on representations by Wood, plaintiffs agreed to loan defendant Aero Truss, Inc. ("Aero Truss") $50,000, which would be repaid by September 15, 1997.

On February 5, 1998, defendant Wood mailed plaintiffs a Private Placement Memorandum ("PPM"), apparently representing that the private offering of Aero Financial and American Executive finally took place. Named as principals in the PPM offering are the other defendants named in this action. Plaintiffs claim that all of the defendants are working together in a conspiracy to defraud plaintiffs of their funds.

With respect to all of the other named defendants, plaintiffs allege:

37. The individually named defendants are the alter ego of corporate defendants, and have been at all times concerned herein, conducting, managing and controlling the affairs of such corporate defendants as though they were their own affairs.

38. The individually named defendants have completely dominated the finances, policy, and business practices of the named corporate defendants such that the corporate defendants lack a separate existence of their own.

39. Such domination and control was and is being used by the individually named defendants as a subterfuge to defeat public convenience and to perpetuate an injustice upon the legal rights of the creditors of the named corporate defendants, specifically including plaintiffs.

40. Such domination and control proximately caused the damages alleged by plaintiffs in this complaint.

### Standards For Motion To Dismiss

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A court judges the sufficiency of the complaint by accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff. *See Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). The issue in resolving a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If the complaint is "too general," then it will not provide fair notice to the defendant. *See Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993).

### Analysis

## I. Breach Of Contract Claims—Counts I and II.

Plaintiffs allege that defendants Aero Financial (Count I) and Aero Truss (Count II) defaulted under the terms of two promissory notes. *See* Compl. ¶¶ 42, 46. Plaintiffs remarkably request judgment, however, against all defendants, jointly and severally, for the amounts Aero Financial and Aero Truss failed to pay. A breach of contract action generally cannot be maintained against a non-party to a contract. *See Sithon Maritime Co. v. Holiday Mansion,* 983 F.Supp. 977, 984 (D.Kan.1997), *Traffas v. Bridge Capital Investors II,* No. Civ.A. 90–1304–MLB, 1993 WL 339093, at *3 (D.Kan. Aug. 23, 1993) (Belot, J.), *aff'd,* 46 F.3d 1152, 1995 WL 18277 (10th Cir. Jan. 18, 1995). Plaintiffs argue, however, that American Executive, Aero–USA, and Meo can be held liable under the promissory notes because they are the alter egos of Aero Financial and Aero Truss, the companies who actually issued the notes. *See* Compl. ¶¶ 36–40.

The allegations in paragraphs 36 through 40 certainly do not connect American Executive or Aero–USA, both corporate defendants, to Aero Financial. Nowhere do plaintiffs allege that American Executive or Aero–USA are the alter egos of Aero Financial or Aero Truss. Moreover, plaintiffs' allegations are simply too vague to support an inference that Mr. Meo is connected to Aero Financial or Aero Truss. Elsewhere in plaintiffs' complaint, plaintiffs allege that Mr. Meo signed a letter as Chairman, Emeritus of American Executive. *See* Compl. ¶ 20. Plaintiffs fail to allege, however, any relationship between Mr. Meo and Aero Financial or Aero Truss. The court finds that plaintiffs have failed to state a claim in counts I and II as to defendants American Executive, Aero–USA, and Meo.

## II. Common Law Fraud Claim—Count III.

In count III, plaintiffs allege that all of the defendants committed common law fraud. The elements of a fraud claim under Kansas law include: (1) an untrue statement

of fact; (2) known by the defendant to be untrue; (3) made by defendant with the intent to deceive or with reckless disregard for the truth of the statement; (4) reliance on the statement by the plaintiff; and (5) resulting injury to the plaintiff. *See Commander Properties Corp. v. Beech Aircraft Corp.*, 164 F.R.D. 529, 539 (D.Kan.1995) (citing *Smith v. MCI Telecomm. Corp.*, 124 F.R.D. 665, 676–77 (D.Kan.1989)).

■ Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. *See N.L. Indus., Inc. v. Gulf & Western Indus., Inc.*, 650 F.Supp. 1115, 1129–30 (D.Kan.1986). Rule 9(b) is to be read in harmony with the simplified notice pleading provisions of Rule 8. *See Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1362 (10th Cir.1989). Thus, to plead a fraud claim, plaintiff must describe the circumstances of fraud, *i.e.*, the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by plaintiff's reliance on the false representation. *See Smith v. MCI Telecomm. Corp.*, 678 F.Supp. 823, 825 (D.Kan.1987). Stated differently, Rule 9(b) requires plaintiff to set forth the "who, what, where, and when" of the alleged fraud. *Nal II, Ltd. v. Tonkin*, 705 F.Supp. 522, 525–26 (D.Kan.1989).

■ Plaintiffs' allegations of fraud are simply too conclusory. With respect to defendant Aero–USA, plaintiffs allege only that AERO–USA was the subject of fraudulent misrepresentations, *i.e.*, others made fraudulent representations regarding Aero–USA. *See* Compl. ¶¶ 33, 35, 36. Nothing in plaintiffs' complaint, however, suggests any other connection between Aero–USA and the alleged fraudulent representations or any of the other defendants. Plaintiffs' allegations are too vague to state a claim of fraud against Aero–USA. Likewise, plaintiff's claim against American Executive is based on the allegation that American Executive was the subject of several fraudulent representations, which is insufficient to state a fraud claim. *See* Compl. ¶¶ 19–25, 32–36.

■ The allegations of fraud with respect to Mr. Meo also are insufficient. Plaintiffs allege "defendant Meo sent a letter to plaintiffs extolling the virtues of the private offerings to be made. He signed the letter as Chairman, Emeritus of defendant American Executive Capital Group, Inc." Compl. ¶ 20. Besides the letter, plaintiffs' only other allegation which implicates Mr. Meo is that all of the named defendants were named as principals in the PPM offering. As explained above, the subject of a misrepresentation or a fraudulent scheme is not automatically considered a member of the fraudulent scheme. Nowhere do plaintiffs explain the content of Mr. Meo's representations, how Mr. Meo's statements were false or misleading, whether plaintiffs relied on Mr. Meo's representations, or how plaintiffs were damaged by Mr. Meo's representations. According to plaintiffs' complaint, Mr. Meo's representations related solely to the purported private offering of Aero Financial and American Executive, a private offering plaintiffs apparently never even invested in. Plaintiffs also have failed to allege that Mr. Meo acted with intent to defraud plaintiffs, a necessary element of a fraud claim.

In sum, plaintiffs have failed to state a claim in count III against defendants Meo, American Executive, and Aero Truss.

### III. Securities Fraud Claims—Counts IV and V.

In counts IV and V, plaintiffs allege that defendants committed securities fraud under both federal and state law. The elements of a securities fraud claim include: "(1) a misleading statement or omission of a material fact; (2) made in connection with the purchase or sale of securities; (3) with intent to defraud or recklessness; (4) reliance; and (5) damages." *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 (10th Cir.1997) (citing *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir.1992)); *see* Kan.Stat. Ann. § 17–1268(a).

■ Rule 9(b) of the Federal Rules of Civil Procedure also governs the pleading

requirements of plaintiffs' securities fraud claims. *See Grossman*, 120 F.3d at 1118. The Tenth Circuit has noted that "courts do not hesitate to dismiss securities claims pursuant to Rule 12(b)(6) where the alleged misstatements or omissions are plainly immaterial, or where the plaintiff has failed to allege with particularity circumstances that could justify an inference of fraud under Rule 9(b)." *See id.*

In the instant action, plaintiffs fail to allege the specific nature of Mr. Meo's alleged misstatements or omissions. Plaintiffs allege only that Mr. Meo made representations "extolling the virtues of the private offering." In these circumstances, the court can not begin to evaluate whether the alleged misstatements or omissions are material. In addition, as with plaintiffs' common law fraud claim, plaintiffs have failed to allege that Mr. Meo acted with intent to defraud, that Mr. Meo's representations were false, or that plaintiffs relied on Mr. Meo's representations to their detriment. *See Grossman*, 120 F.3d at 1124 ("Mere conclusory allegations of falsity are insufficient."). As explained previously, plaintiffs' fraud allegations with respect to American Executive and Aero Truss are even less specific and certainly do not meet the heightened pleading requirements of rule 9(b).

For the above reasons, the court finds that plaintiffs have failed to state a claim in counts IV and V against defendants Meo, American Executive, and Aero Truss.

## IV. RICO Claim—Count VI.

In count VI, plaintiffs allege that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). To state a civil RICO claim, plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir.1989) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). When pleading a RICO claim alleging mail or wire fraud as a basis for a predicate act, plaintiff must also plead such allegations so as to satisfy the requirements of rule 9(b). *See Cayman*, 873 F.2d at 1362. As with plaintiffs' fraud claims, plaintiffs have failed to allege any material mis-

representations or omissions by defendants Meo, American Executive, or Aero–USA as a basis for a predicate act. Accordingly, plaintiffs have failed to state a claim under RICO against these defendants. *See Central Distribs. v. Conn*, 5 F.3d 181, 184 (6th Cir.1993) (finding that plaintiff "cannot maintain a civil RICO claim against these defendants absent evidence that the defendants made misrepresentations or omissions of material fact to [plaintiff] and evidence that [plaintiff] relied on those misrepresentations or omissions to its detriment"), *cert. denied*, 512 U.S. 1207, 114 S.Ct. 2678, 129 L.Ed.2d 812 (1994); *Renaissance Ctr. Venture v. Lozovoj*, 884 F.Supp. 1132, 1143 (E.D.Mich.1995) ("There can be no mail or wire fraud where there is no misrepresentation or omission."), *aff'd*, 95 F.3d 1153, 1996 WL 483023 (6th Cir. Aug. 23, 1996).

## V. Leave To Amend Complaint.

Leave to amend is a matter committed to the sound discretion of the district court. *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir. 1987). Leave to amend is to be freely given when justice so requires pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See N.L. Indus., Inc.*, 650 F.Supp. at 1130. The court in its discretion will allow plaintiffs to amend their complaint to conform to the requirements of rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that the motion to dismiss of defendants American Executive Capital Group, Inc., Aero–USA Capital Group, Inc., and S.D. Meo (Doc. # 17) is granted. Plaintiffs are granted leave to amend their Complaint in accordance with this order on or before November 30, 1998.